IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03351-MEH

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 7,

Plaintiff,

v.

KING SOOPERS, INC.,

Defendant.

## ORDER ON MOTION TO DISMISS

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss [filed January 7, 2015; docket #15]. The motion is fully briefed, and the Court held oral argument on April 2, 2015. For the reasons that follow, the Court **denies** the Motion to Dismiss.

## BACKGROUND

Plaintiff United Food and Commercial Workers Union, Local No. 7, ("the Union") alleges that Defendant King Soopers, Inc., refused to comply with arbitration orders regarding back pay for three of its employees, who are members of the Union. The following are factual allegations, taken as true, from the Union's complaint and offered by King Soopers for jurisdictional analysis. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).").

### I. Anthony Gonzalez

Mr. Gonzalez had been employed by King Soopers for less than a year when he was terminated on February 19, 2008. [Arbitration Award, docket #15-6, p. 10]. Pursuant to the terms

of a collective bargaining agreement ("CBA") between the parties, Mr. Gonzalez and the Union filed a grievance challenging the termination. Arbitrator Gerald Cohen heard the grievance on August 24, 2011. Arbitrator Cohen ordered a 30-day suspension in lieu of termination and ordered that Mr. Gonzalez be awarded back pay without[1] interest for the remainder of the time to the date of Mr. Gonzalez's reinstatement. Abritrator Cohen stated that King Soopers "is to receive credit for earnings in the interim." Subsequently, King Soopers argued that Mr. Gonzalez failed to mitigate damages after his termination and, therefore, was not entitled to a full back pay award. On June 26, 2013, Arbitrator Cohen held a second hearing to address the amount of back pay. He awarded Mr. Gonzalez 80 days of back pay without interest.

On December 20, 2013, Defendant paid Mr. Gonzalez $7,902.84 in gross back pay. On January 23, 2014, the Union submitted a letter to King Soopers indicating that it calculated Mr. Gonzalez's back pay to be $10,662.40, and that King Soopers owed Mr. Gonzalez $2,665.60. King Soopers responded that Mr. Gonzalez had been properly paid.

On March 4, 2014, Mr. Gonzalez filed a claim against King Soopers in El Paso County Small Claims Court for $2,665.60. King Soopers removed the case to this Court. *Gonzalez v. King Soopers et al.*, 14-cv-000773-KMT. Magistrate Judge Kathleen M. Tafoya dismissed the complaint for failure to state a claim but granted Mr. Gonzalez leave to amend his complaint. Mr. Gonzalez filed an amended complaint alleging that King Soopers failed to comply with the Arbitrator award. Judge Tafoya again dismissed the complaint for failure to state a claim. Under Fed. R. Civ. P. 41(b), this operated as an adjudication on the merits or, in other words, "with prejudice."

## II.    Michael "Tina" Todd

---

[1]The complaint states that the Arbitrator awarded back pay *with* interest but the Arbitrator's award, which is attached both to the Complaint and to the Motion to Dismiss, clearly states *without* interest. [Docket #1-3, p.11; Docket #15-6, p.27]

After about thirteen years of employment by King Soopers, Ms. Todd was terminated on December 15, 2009. Pursuant to the arbitration procedures in the CBA, the Union and Ms. Todd filed a grievance challenging the termination. Arbitrator Richard Fincher heard the grievance on March 12, 2013. On May 30, 2013, Abritrator Fincher reduced the termination to a 30-day suspension and ordered that Ms. Todd "be reinstated with standard make-whole relief and seniority." [Docket #1-10, p. 9]

On June 7, 2013, King Soopers sent a letter to the Union stating that Ms. Todd would be reinstated on June 16, 2013 and requesting all documents concerning her interim earnings. The letter advised that any delays in providing the requested information would delay the processing of Ms. Todd's back pay. King Soopers sent follow-up letters requesting the documents on November 14, 2013; January 20, 2014; and March 26, 2014. The Union asserts that it has no additional information to provide King Soopers; on April 30, 2014, the Union requested a remedial arbitration hearing to resolve the dispute.

**III.   Christine Austin**

On July 29, 2009, King Soopers suspended Ms. Austin for five days and demoted her employment position as full-time head clerk. The Union and Ms. Austin challenged the discipline and on September 9, 2014, Arbitrator Patricia Bittel held a hearing addressing the grievance. On November 17, 2014, the Arbitrator granted the grievance and awarded Ms. Austin retroactive compensation and benefits for the five-day suspension as well as for her demotion from full-time Head Clerk. Additionally, the Arbitrator ordered her disciplinary action be expunged from her personnel record.

On December 8, 2014, King Soopers' counsel sent a letter to the Union stating its position that the back-pay award should only run to October 15, 2013, the original date of the arbitration

3

hearing (which was rescheduled by the Arbitrator for personal reasons). The parties also disagree on the calculation of back pay due to Ms. Austin's personal work circumstances and promotions. The Union disagrees with King Soopers' position concerning the date for back pay and the proper calculation of the amount.

## LEGAL STANDARD

### I. Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual

4

attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a facial attack on this Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while

the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## DISCUSSION

### I.     Jurisdiction

The Union's Complaint seeks enforcement of the various Arbitrators' awards. This case is very similar to a prior suit in this District, *United Food & Commercial Workers Int'l Union, Local No. 7 v. King Soopers, Inc.*, No. 08-cv-00683-LTB, and I agree with Judge Babcock's treatment of the issue there. As he noted, the parties in his and this lawsuit are signatories to a collective bargaining agreement that requires the parties to arbitrate disputes. There, as here, an unresolved dispute remained – a contested back pay award – that arose out of the collective bargaining agreement. Such dispute is for an arbitrator, not a federal court. I, like he, believe the Court does not have subject matter jurisdiction over issues that are properly before an arbitrator, which is the case for interpretation of any back pay dispute. The appropriate order is to allow these pending issues to be decided by the respective arbitrator(s) and keep this lawsuit on the books (although administratively closed) until those matters can be addressed. *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538-39 (10th Cir. 1987) ("Section 3 of the Federal Arbitration Act contemplates continuing supervision by the district court to ensure that arbitration proceedings are conducted within a reasonable period of time, thus preventing any impairment of the plaintiffs' right to seek relief."). The administrative closure may be reopened at the appropriate time for either dismissal of this case or further proceedings that properly invoke the subject matter jurisdiction of this Court. I would like the parties to submit a joint status report every 30 days.

### II.    Res Judicata

For the same reason I cannot currently adjudicate the Union's claims regarding back pay, I cannot find that res judicata bars the Gonzalez issue. There was no subject matter jurisdiction for Gonzalez to assert his claims in court, as those matters were pending (or, at least, should have been) before an arbitrator. It is certainly black letter law that union members can be in privity with the union, such that a decision against a union can bind union members in a subsequent action. *Panza v. Armco Steel Corp.*, 316 F.2d 69 (3d Cir. 1963). But it is the Union, and not the employee, that has the collective bargaining agreement with the employer. Gonzalez may be barred by res judicata from any claims he might bring in the future regarding the back pay issue, but the Union is not.

## CONCLUSION

Accordingly, the Court **denies** the Defendant's Motion to Dismiss [filed January 7, 2015; docket #15] as set forth herein. This case is administratively closed, with the parties to submit a joint status report every 30 days commencing May 15, 2015.

DATED this 8th day of April, 2015, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge